WILLIAM W. WILLIAMSON VS. H. P. WILLIAMSON.

1. EXECUTION SALE : *Sale after return. Day of execution. Case in judgment.* Where an execution was issued on the 9th of January, 1872, and by its terms made returnable on the third Monday in February, but was not so returned,

and was levied on lands of the defendant, which were sold on the first Monday in April, six weeks after the return day of the writ, such a sale is void, and confers no title upon the purchaser.

ERROR to the Circuit Court of *Lawrence* County.

Hon. URIAH MILLSAPS, Judge.

The facts in this case necessary to a full understanding of the principles announced are fully stated in the opinion of the court.

It is assigned for error:

1. The court erred in allowing defendant below to read in evidence the proceedings, judgment, execution and returns thereon, and sheriff's deed, notwithstanding plaintiff's objection.

2. In overruling the motion for a new trial.

*B. Taylor*, for plaintiff in error:

Insisted that the sheriff's deed should not have been read in evidence, because the sale of the land was made a month and a half after the return day of the execution; that the sale was void, and the deed conveyed no title.

*Chrisman & Thompson*, for defendant in error:

Is the return day fixed by the clerk, or does the law fix it? If it is fixed by law; the misrecital of the clerk, whether it results from accident or mistake of the law, cannot make the writ returnable at any other than the proper time. See Code, 1871, § 839. As to time of holding the court, see Index to Code of 1871, p. 736; Acts of 1872, pp. 43, 44.

CHALMERS, J., delivered the opinion of the court.

The action was ejectment for the recovery of lands in Lawrence county, of which it was conceded the plaintiff had been former owner, but the title to which, it was claimed, had been divested out of him by execution sale, under a judgment rendered against him in the circuit court of the county, some years before. The defendant, admitting plaintiff's original title, and claiming under the sheriff's deed, offered in evidence said deed, and the record of proceedings and judgment under which said execution was issued and the sale was made.

To their introduction plaintiff objected upon various grounds, only one of which is necessary to be considered.

The execution under which the sale took place was issued on the 9th of January, 1872, and made returnable by its terms to third Monday in February ; the sale, however, took place on the first Monday in April, this being about six weeks after the return day of the writ :

It is admitted that ordinarily a sale under execution, made after the return day thereof, confers no title.   But it is said that in the case at bar the writ should have been returnable on the first Monday in April ; that this was the first day of the next ensuing term of the court ; that the failure to make the writ returnable at that time was a mere clerical misprision, and that, inasmuch as the sale took place on the day fixed by law, it will not be affected by the error of the clerk in the issuance of the *fieri facias*.   Without stopping to discuss the question of law involved in this proposition, it is sufficient to say that it rests upon a false assumption of fact.   The first Monday in April was not at that period the time appointed by law for holding the spring term of the circuit court of Lawrence county.

There is no period provided in the body of the Revised Code of 1871, as published, for holding the circuit court of said county.

It is stated in the index to the work, page 736, that the periods are first Mondays of January, April, July, and October, and it is further stated that the provision of law so declaring was omitted from the body of the book through an error of the press.   Counsel on both sides have naturally presumed that this statement was correct, and have argued the case on that basis. Struck with the fact that the statement in the index gives four regular annual terms to Lawrence county, whereas it is well known that the circuit courts in this state have never held more than three regular terms *per annum*, we have examined the original enrolled bill fixing the terms of the various circuit courts of the state, as the same remains on file in the office of

the secretary of state, and by this it is ascertained that the terms of said court were ordered to be held in Lawrence county on the fourth Mondays after the fourth Mondays of March, July, and November. This law, with the rest of the Code, went into effect 1st of October, 1871.

On page 43 of Acts of 1872 there is an act purporting to have been approved 18th of March, 1872, about two weeks before the sale, the validity of which is under consideration. By this act the period for holding the circuit courts in Lawrence is fixed for the fourth Mondays in March and August; but immediately following this is a supplemental and explanatory act, in which it is recited that the supposed act of 18th March contains a clerical error, and did not, in fact, as passed by the legislature, establish the fourth Mondays in March and August as the periods for holding the courts in Lawrence county. Therefore said supposed act is declared of no force, and is repealed, and it is enacted that said courts shall be held on fourth Mondays in February and August. This explanatory and repealing act was approved April 4, 1872, just three days after the sale under consideration.

It will be seen that in this comedy of errors there is no statute which fixes the first Monday in April as the period for holding the court.

The sale therefore took place after the return day named in the writ, and upon a day not authorized by law. It was void, and conferred no title. Lehr *v.* Doe *ex dem.* Rogers, 3 S. & M., 468.

The deed offered by defendant should have been excluded.

This disposes of the case and renders unnecessary a consideration of the other points raised.

Judgment reversed and cause remanded.