FRANK SMITH *v.* T. J. MIXON, SHERIFF.

1. EXECUTION. *Judgment of justice of the peace. Execution to another county. Code* 1892, §§ 2412, 3459, 3460, *construed.*

An execution issued to the sheriff of another county by the clerk of a circuit court on a duly enrolled judgment of a justice of the peace of his county, returnable before such justice, is not authorized by §§ 2412, 3459, 3460, code 1892, and is void, together with the seizure of the defendant's property thereunder.

2. SAME. *Void writ not amendable under code* 1892, § 3439.

Such writ being void, it is not susceptible of amendment under § 3439, code 1892, and it is immaterial that the objection thereto was not made prior to motion for new trial, since a failure to object to the introduction thereof will not vitalize a void writ. *Lehr* v. *Rodgers,* 3 Smed. & M., 468; *Williamson* v. *Williamson,* 52 Miss., 725, cited.

3. SAME. *Enrollment in another county. Issuance of execution. Code* 1891, §§ 2413, 3481, *construed.*

The true interpretation of §§ 3481 and 2413, code 1892, relating respectively to the issuance of executions and the enrollment of judgments of justices of the peace, is that the plaintiff in such a judgment may have it enrolled, in the manner specified, in any other county where property of the debtor may be situated, and have execution issued by the clerk of the circuit court of such county to an officer of that county, returnable into the justice's court by which the judgment was rendered.

FROM the circuit court of Perry county.

HON. A. G. MAYERS, Judge.

Replevin by defendant in the execution described in the opinion as one issued by the clerk of the circuit court of Lauderdale county to the sheriff of Perry county, on a duly enrolled judgment of a justice of the peace of Lauderdale county. The justice of the peace before whom the action was brought gave judgment in favor of the defendant in replevin, the sheriff of Perry county, who seized the property in controversy under said ex-

ecution. On appeal to the circuit court, a jury was waived, and the cause tried by the court, when the same result was reached. It appears from the record that the question discussed in the opinion was presented in the lower court for the first time on motion for new trial under the assignment that the judgment was contrary to the law and the evidence.

*Watkins & Travis*, for the appellant.

Section 3481, code 1892, was not followed, and the execution under which the property was seized is void. The judgment should have been enrolled in Perry county and the execution issued by the clerk of the circuit court of that county.

*Brame & Alexander*, for the appellee.

It is too late to raise objection to the execution under which the property was levied on. The execution was introduced in evidence on the trial in the court below, and no objection whatever was made to it there. In no shape or form was the point raised, either in the justice's court or the circuit court, and it cannot be made for the first time here. The appellant was defendant in the court below, and the objection is to the regularity of the execution, which was introduced merely as evidence.

WHITFIELD, J., delivered the opinion of the court.

The judgment is not void, but the execution on it is. The judgment was rendered in a court of a justice of the peace in Lauderdale county, and was enrolled in Lauderdale county. The execution was issued by the clerk of the circuit court of Lauderdale county, directed to the sheriff of Perry county, on this judgment rendered by a justice of the peace in Lauderdale county, returnable before a justice court in Meridian—the court which rendered the judgment—if McCormick be the successor of Stone. It will thus be seen that the execution was not issued under § 2412, code 1892. It was not issued by the justice of the peace who rendered the judgment at all. It was not

issued under § 3459, for that section relates to executions to be issued by clerks of courts of law and equity, on judgments and decrees rendered therein.    It was not issued under § 3460, for · that section applies when the executions emanate from the court rendering the judgment.    Manifestly, this execution was issued under § 3481, code 1892 (§ 1753, code 1880, as amended by the Laws of 1890, page 66), which provides that "the clerk of the circuit court in whose office any judgment shall be enrolled, may issue execution and writs of garnishment thereon, directed to any lawful officer of his county, returnable before the court which rendered the judgment."    This enrolled judgment might be one rendered by a justice of the peace, under § 2413, code 1892, that section providing for such enrollment in any county where the property of a judgment debtor might be "situated."    The purpose of these two sections is obvious. A judgment creditor might ascertain that his judgment debtor had property in another county than the one in which his judgment was rendered, whether in a court of a justice of the peace or in the circuit court, and might desire to acquire a lien thereon, and have execution issued by the clerk of the circuit court of such county, promptly on such ascertainment.    To do this he should have the judgment enrolled in such county where such property may be, and then have, under § 3481, the circuit clerk of such county issue the execution to an officer of "his county," returnable before the court which rendered the judgment.    This was not done here.    No enrollment was had in Perry county.    The clerk of the circuit court of Lauderdale county issued the execution.    It was not directed to an "officer of his county," but to the sheriff of Perry county.    The property seized was "situated" in Perry county, and seized there, and the replevin suit was brought there for its possession.    Code 1892, § 3439, does not save the execution.    This is not a mere amendable irregularity.    The defect goes to the foundation of the sheriff's authority—his power to levy on the property—and of the power of the circuit clerk of Lauderdale

county to issue such an execution as this. This case is within the principle of the cases of *Lehr* v. *Rodgers*, 3 Smed. & M., 468, and *Williamson* v. *Williamson*, 52 Miss., 725, and, this being so, the sheriff, in the seizure, was a mere trespasser, and cannot justify his possession under this void execution. It follows, also, that it is immaterial that the appellant did not object to the introduction of the execution nor make its admission in evidence a ground for a new trial. His failure to object could not vitalize a void writ issued without any authority of law. The defect is fundamental, and the judgment is

*Reversed and remanded.*